# CIRCUIT COURT OF THE CITY OF RICHMOND

Sherwin-Williams Co.

v.

Commonwealth of Virginia,
Air Pollution Control Board

October 5, 2004

Case No. CH04-722-3

By Judge T. J. Markow

This case is before the court on a Plea in Bar of Jurisdiction. Appellant seeks judicial review under the Administrative Process Act, Va. Code § 2.2-4000 *et seq.*, of a regulation, referred to as Rule 4-49, which applies to Architectural and Industrial Maintenance Coatings and was adopted by the Commonwealth of Virginia, Air Pollution Control Board.

Virginia Code § 2.2-4026 of the Administrative Process Act provides for judicial review "in the manner provided by the Rules of the Supreme Court of Virginia." Supreme Court Rule 2A:2 requires that "[a]ny party appealing from a regulation . . . shall file, within 30 days after *adoption* of the regulation . . . with the agency secretary a notice of appeal signed by him or his counsel." (Emphasis added.) In order for Appellant's Notice of Appeal to be timely, it must have been filed within thirty days of the "adoption" of the regulation. Appellant filed its Notice of Appeal on March 22, 2004.

The parties disagree as to the date of "adoption." Appellant contends that the regulation was not "adopted" until the procedures outlined in the Administrative Process Act for the "final adoption" process were complete. Appellant argues that February 24, 2004, the date the regulation was published in the Virginia Register is the appropriate date of adoption, and therefore, its Notice of Appeal was timely. Appellee argues, however, that the regulation was adopted on November 5, 2003, the date the Board voted to adopt the regulation; and, therefore, Appellant's Notice of Appeal was untimely and the court is without jurisdiction. The court agrees with Appellee.

When the Administrative Process Act was originally enacted, the vote of the Board was the final act in the adoption of a regulation. Nine years later, the Administrative Process Act was amended to allow for legislative and executive review of the Board's vote to adopt a regulation. The Supreme Court, however, did not change its Rules to account for the amendment. While the court understands Appellant's argument that the subsequent amendment creates an ambiguity, it is quite clear that the original Administrative Process Act intended for the adoption date to be the date the Board voted for the regulation, and no authoritative action has effectively changed this adoption date.

An incongruity exists between the Administrative Process Act, which uses the terms "adoption," "final adoption period," and "final adoption," and Supreme Court Rule 2A:2, which only uses the term "adoption."

Additionally, the Administrative Process Act's separate use of the terms "adoption," "final adoption period," and "final adoption" appears to create an inconsistency in the statute. However, the court, after reviewing the statute in detail, has determined that the term "adoption" refers to the date the Board votes for the regulation, the term "final adoption period" generally refers to the legislative and executive review and publication process, and the term "final adoption" refers to the day after the thirty day publication period and is synonymous with the regulation's "effective date."

The court believes the term "adoption" contemplates a collective action by the agency. Accordingly, adoption constitutes the Board's act in voting for the regulation. The process subsequent to the Board's action, which is referred to as the "final adoption period," only impacts the regulation upon some objection by the Governor or suspension by the legislature within the specified period of time. Without this, the regulation becomes effective as originally adopted by the Board. No further Board action is necessary for the regulation to become effective unless there is an amendment.

If the court were to accept Appellant's argument that adoption does not take place until after the review process, due to the incongruity between the Administrative Process Act and Supreme Court Rule 2A:2 and the inconsistency in the Administrative Process Act, it is unclear what date would constitute adoption.

Appellee argues that the date of adoption was the date the regulation was published in the Virginia Register. However, Appellee also argues that publication commences a thirty-day "final adoption" period. These arguments are incongruous. It is unclear on which of these dates "adoption" occurs, the date of publication or thirty days after the date of publication.

The court is of the opinion that the term "adoption" refers to the date the Board voted to adopt the regulation. Accordingly, Appellant's Notice of Appeal was untimely. The Plea in Bar is sustained, and the appeal dismissed.